In re GRAND JURY PROCEEDINGS/SUBPOENAS, **Rev. Stanley H. Cohen, Donna M. Bradshaw, Sarah Viviani, Sanford H. Goldberg, J.F. Schmitt, George Belenson, Carol Cohen, Anthony Lawrence, Mario E. Dottorelli, Abe Weiner, Martin Morein, Lester I. Morris, Edward B. Shaw, Theodore E. Webber, John L. Bradshaw, Arthur R. Eckert, Juan A. Ramos, Bernice Rhea Kahn, Arthur R. Eckert II.**

**No. FGJ 84–4 (MIA).**

United States District Court,
S.D. Florida,
Miami Division.

June 22, 1984.

Chris Mancino, Asst. U.S. Atty., Miami, Fla., for the Government.

Linda Carroll, Miami, Fla., for petitioners.

## ORDER QUASHING GRAND JURY SUBPOENAS

HASTINGS, District Judge.

Far too frequently, this Court and all federal courts are called upon to attempt to correct some governmental action which an individual citizen alleges to be in violation of his or her rights under the Constitution and laws of the United States. Far less frequently, a court agrees with the aggrieved citizen that the governmental action, taken or contemplated, is indeed unconstitutional or illegal, and the court finds itself duty-bound to correct what it views as an injustice. This is one of those cases.

This cause comes before the Court on motions by the above-named individuals for the entry of an order quashing the Grand Jury Subpoenas, served on or about March 5, 1984, directing their appearance before a Federal Grand Jury. As will be more fully detailed below, the subpoenas were filled in and served by United States Postal Inspectors, with no Assistant United States Attorney in attendance.

The facts appear to be stipulated to by the various parties. On or about March 5, 1984, Assistant United States Attorney Michael Cohen caused an unspecified number of grand jury subpoenas to be issued by the Clerk of the United States District Court for the Southern District of Florida, allegedly as part of an investigation being conducted by Federal Grand Jury 84-4 (Miami). The subpoenas were signed by Assistant United States Attorney Cohen and were sealed by the Clerk, but were otherwise blank. Michael Cohen gave the blank grand jury subpoenas to certain United States Postal Inspectors and directed them to take them along on an imminent search of certain corporate premises in Miami, Florida. The Assistant United States Attorney did not accompany the Postal Inspectors on such visit; indeed, no Assistant United States Attorney was present.

Shortly thereafter on or about March 5, 1984, these United States Postal Inspectors and other law enforcement personnel appeared at the premises of J. & R. Market-ing Corp., 1681 Kennedy Causeway, Miami, Florida, for the purpose of executing a search warrant issued by the Honorable Peter R. Palermo, United States Magistrate.

Upon entering the offices of J. & R. Marketing Corp., the Postal and law enforcement authorities directed all persons on or about the premises to form a line and put their hands on their heads. All persons in adjoining offices were ordered to enter the J. & R. office and they too were directed to form a line and place their hands on their heads. The Postal Inspectors and other law enforcement personnel were accompanied by certain individuals from the television media, who were permitted entry onto the premises to videotape the activities of the various law enforcement personnel therein.

Each of the persons detained was directed to provide his or her name, address, and identification to the authorities, each was then assigned a number, and each was then required to submit to being photographed with a numbered card below his or her face.

Upon completion of the photographic procedure, a United States Postal Inspectors produced one of the blank grand jury subpoenas provided by Assistant United States Attorney Cohen, and, without consulting any Assistant United States Attorney, filled in the blank with the name of each detained individual and issued the grand jury subpoena to and in the name of such potential witness. The Postal Inspector then served each person with the now completed grand jury subpoena.

The blank subpoenas brought by the Postal Inspectors were filled in in like manner and issued to every non-law enforcement person found on or about the corporate premises at that time. The individuals served with the subpoenas by the Postal Inspectors allegedly included a minister soliciting donations and an outside service repairman.

Those witnesses bringing these motions to quash attack the above-described issuance of the grand jury subpoenas as

fatally defective for procedural errors and null and void on the ground that they were issued to the witnesses in a manner directly violating their constitutional rights. Specifically, the movants assert that by abrogating its responsibility to determine the identity of the prospective grand jury witnesses and delegating such responsibility and power to United States Postal Inspectors, the United States Attorney's Office failed to comply with statutory and legal mandates with regard to the issuance of grand jury subpoenas, and that as a result, such grand jury subpoenas should be viewed as nullities and quashed.

Rule 17(a) of the Federal Rules of Criminal Procedure provides in pertinent part that:

A subpoena shall be issued by the clerk under the seal of the court. It shall state the name of the court and the title, if any, of the proceeding, and shall command each person to whom it is directed to attend and give testimony at the time and place specified therein. The clerk shall issue a subpoena, signed and sealed but otherwise in blank to a party requesting it, WHO SHALL FILL IN THE BLANKS BEFORE IT IS SERVED.... (Emphasis supplied.)

It is well settled that there is a presumption of regularity which attaches to grand jury proceedings and to grand jury subpoenas, and that the principle of the right of society to every man's evidence is particularly applicable to grand jury proceedings. *Branzburg v. Hayes,* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). Despite these well-established principles, it is also clear that the authority and powers of a grand jury are not unlimited, but always subject to the supervision of a judge. The Supreme Court in *United States v. Dionisio,* 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973), put it as follows:

This is not to say that a grand jury subpoena is some talisman that dissolves all constitutional protections. The grand jury cannot require a witness to testify against himself. It cannot require the production by a person of private books and records that would incriminate him. See *Boyd v. United States,* 116 U.S. 616, 633–635 [6 S.Ct. 524, 533–535, 29 L.Ed. 746] (Footnote omitted.) The Fourth Amendment provides protection against a grand jury subpoena *duces tecum* too sweeping in its terms "to be regarded as reasonable." *Hale v. Henkel,* 201 U.S. 43, 76 [26 S.Ct. 370, 379, 50 L.Ed. 652]; cf. *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 208, 217 [66 S.Ct. 494, 505, 509, 90 L.Ed. 614]. And last Term, in the context of a First Amendment claim, we indicated that the Constitution could not tolerate the transformation of the grand jury into an instrument of oppression: "Official harassment of the press undertaken not for purposes of law enforcement but to disrupt a reporter's relationship with his news sources would have no justification. GRAND JURIES ARE SUBJECT TO JUDICIAL CONTROL AND SUBPOENAS TO MOTIONS TO QUASH. We do not expect courts will forget that grand juries must operate within the limits of the First Amendment as well as the Fifth." *Branzburg v. Hayes,* 408 U.S. at 707–708 [92 S.Ct. at 2670].... (Emphasis supplied.)

*United States v. Dionisio,* 410 U.S. at 11–12, 93 S.Ct. at 770. With regard to Rule 17 of the Federal Rules of Criminal Procedure, the Supreme Court, in the *Calandra* decision, noted that:

The grand jury is also without power to invade a legitimate privacy interest protected by the Fourth Amendment. A grand jury's subpoena *duces tecum* will be disallowed if it is "far too sweeping in its terms to be regarded as reasonable" under the Fourth Amendment.... Judicial supervision is properly exercised in such cases to prevent the wrong before it occurs.

*United States v. Calandra,* 94 S.Ct. at 619.

The duties of the Assistant United States Attorney working with a specific grand jury are considerable. Courts have consist-

ently found it to be permissible for an Assistant United States Attorney to fill in blank grand jury subpoenas without actual prior authorization by the grand jury. *United States v. Smith,* 687 F.2d 147 (6th Cir.1982), *cert. denied* 459 U.S. 1116, 103 S.Ct. 752, 74 L.Ed.2d 970 (1983); *United States v. Santucci,* 674 F.2d 624 (7th Cir. 1982); *In Re Melvin,* 546 F.2d 1 (1st Cir. 1976). Perhaps the First Circuit said it best:

> ... To be sure, the powers of the United States Attorney in connection with a grand jury investigation are substantial. He may, in practice, select the witnesses to be subpoenaed to appear before the grand jury and generally direct the investigation, ... The United States Attorney may obtain subpoenas issued in blank by the court, fill in the blanks, and have the witnesses served without consulting the grand jury, *see* Fed.R.Crim.P. 17(a); 8 Moore's Federal Practice ¶ 17.06. Still, he may not use his subpoena powers under Rule 17 to gather evidence without the participation of the grand jury.
>
> " 'The Constitution of the United States, the statutes, the traditions of our law, the deep rooted preferences of our people speak clearly. They recognize the primary and nearly exclusive role of the Grand Jury as the agency of compulsory disclosure.' They do not recognize the United States Attorney's office as a proper substitute for the grand jury room and they do not recognize the use of a grand jury subpoena, a process of the District Court, as a compulsory administrative process of the United States Attorney's office." [Citations omitted.]

*In Re Melvin,* 546 F.2d at 5. Such limitations are necessary to prevent unauthorized parties from compelling the attendance of prospective witnesses before a federal grand jury and to otherwise avoid unreasonable or oppressive grand jury subpoenas duces tecum. It is absolutely essential for this Court to prohibit unauthorized government officials from placing unreasonable and oppressive compliance demands on prospective grand jury witnesses, for only in so doing can this Court protect its own process and powers with regard to subpoenas as well as the legitimate privacy interests of all citizens.

Rule 17(a) of the Federal Rules of Criminal Procedure requires that the individual requesting the subpoenas from the clerk shall fill in the blanks before they are served. The parties have stipulated that this did not occur in this case. The Postal Inspector who filled in the blanks and issued the grand jury subpoenas described above, with no Assistant United States Attorney in attendance, was not the individual who requested them and was not an otherwise authorized government official. *See In Re Patriarca,* 396 F.Supp. 859 (D.R.I. 1975). To allow blank grand jury subpoenas to be filled in at the time of service and by an unauthorized government official would be an abuse of process. This the Court cannot allow.

The Court having listened to oral argument by counsel, having carefully considered the memoranda submitted by both sides, and being otherwise fully advised in these matters, it is hereby

ORDERED AND ADJUDGED that the Motion to Quash Grand Jury Subpoenas is GRANTED. The Grand Jury Subpoenas issued on or about March 5, 1984 to Rev. Stanley H. Cohen, Donna M. Bradshaw, Sarah Viviani, Sanford H. Goldberg, J.F. Schmitt, George Belenson, Carol Cohen, Anthony Lawrence, Mario E. Dottorelli, Abe Weiner, Martin Morein, Lester I. Morris, Edward B. Shaw, Theodore E. Webber, John L. Bradshaw, Arthur R. Eckert, Juan A. Ramos, Bernice Rhea Kahn, and Arthur R. Eckert II are hereby QUASHED.